UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 10-3053-Turnoff

UNITED STATES OF AMERICA

vs.

MATEUSZ ADAMSKI
and
ARTHUR LAMBRIGHT, Jr.

        Defendants.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
DWAYNE E. WILLIAMS
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0125199
99 N. E. 4th Street, Suite 710
Miami, Florida 33132-2111
TEL (305) 961-9163
FAX (305) 536-7213

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| MATEUSZ ADAMSKI and ARTHUR LAMBRIGHT Jr. | ) Case No. 10-3053-Turnoff |
| | ) |
| | ) |
| | ) |
| Defendant(s) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  June 10, 2010 to July 20, 2010  in the county of  Broward  in the  Southern  District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | From June 10, 2010 to July 20, 2010, in Broward County, the defendants conspired to possess with intent to distribute a schedule II controlled substance, being oxycodone. |

This criminal complaint is based on these facts:

See Affidavit of Special Agent Christopher C. Smith, attached.

☑ Continued on the attached sheet.

_____
Complainant's signature

Christopher C. Smith, Special Agent, DEA
Printed name and title

Sworn to before me and signed in my presence.

Date: 7/21/10

City and state:  Miami, Florida

William C. Turnoff, United States Magistrate Judge
Printed name and title

[Stamp: ORIGINAL Certified to be a true and correct copy of the document on file Steven M. Larimore, Clerk, U.S. District Court Southern District of Florida By _____ Deputy Clerk Date 7.21.10]

## AFFIDAVIT OF SPECIAL AGENT CHRISTOPHER C. SMITH

I, Special Agent Christopher C. Smith, Drug Enforcement Administration, (DEA), Miami, Florida, being duly sworn, state:

1. I am a Special Agent of the Drug Enforcement Administration (DEA) assigned to the Miami Field Division. I have received specialized training on the subject of narcotics trafficking from the DEA and have been personally involved in investigations concerning the possession, manufacture, concealment, distribution, and importation of controlled substances, as well as the methods used to finance drug transactions and launder drug proceeds. I have been a DEA agent for approximately 6 years. Prior to my employment with the DEA, I was a Police Officer for the City of Chattanooga, Tennessee, from 1996 to 2004.

2. The information contained in this affidavit is submitted for the purpose of supplying probable cause for the issuance of the attached criminal complaint against Mateusz ADAMSKI ("ADAMSKI") and Arthur LAMBRIGHT, Jr. ("LAMBRIGHT").

3. I have personally participated in this investigation and as a result of this participation, as well as information provided to me by other law enforcement officials, I am familiar with this investigation. I have not set forth each and every fact about this investigation. Rather, this affidavit sets forth only those facts that I believe are necessary to establish the requisite foundation for a criminal complaint against ADAMSKI and LAMBRIGHT. As a result, it does not contain all the information known regarding this investigation.

4. On June 10, 2010, a DEA Confidential Source (CS), gave ADAMSKI the telephone number I was using while working in an undercover capacity, so that ADAMSKI could contact me to discuss his sale of Oxycodone pills to me. On that date, I spoke with ADAMSKI on the phone

and he agreed to sell me 500 pills of Oxycodone for $9 per pill.

5. On June 11, 2010, I met with ADAMSKI and a second subject identified as Arthur LAMBRIGHT, Jr., at a motel in Hollywood, Florida. During this first meeting, ADAMSKI introduced me to LAMBRIGHT. ADAMSKI then left the area and I purchased 500 pills of Oxycodone from LAMBRIGHT. I paid LAMBRIGHT $4,500.00 for the Oxycodone 30 mg. pills, which are known as "Blues." Following his arrest, ADAMSKI advised agents that he received $350 from LAMBRIGHT for introducing me to LAMBRIGHT.

6. Between June 11, 2010 and July 20, 2010, I had numerous recorded telephone calls and exchanged text messages with ADAMSKI regarding future purchases of Oxycodone pills. I requested 2,000 pills, but after several conversations ADAMSKI told me that he would sell me 5,000 pills.

7. On July 20, 2010, I spoke with ADAMSKI and LAMBRIGHT during a recorded telephone call. During the call, ADAMSKI handed the telephone to LAMBRIGHT, and LAMBRIGHT told me that he had only "2" (2,000 pills). LAMBRIGHT further stated that after the deal for the "2", he would be able to obtain the other "3" (3,000) and provide them to me. After his arrest, ADAMSKI stated that he was to receive $2,000 from LAMBRIGHT for the sale of the 5,000 pills of Oxycodone.

8. On July 20, 2010, I met with LAMBRIGHT in Hollywood (near the motel where I

met him on June 11, 2010) for the purpose of purchasing 5,000 pills of Oxycodone for $10 per pill. I met with LAMBRIGHT, observed the pills and subsequently he and ADAMSKI were arrested. Agents seized approximately 2,000 pills of suspected Oxycodone.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Christopher C. Smith, SPECIAL AGENT
U.S. DRUG ENFORCEMENT ADMINISTRATION

Sworn to and subscribed before me this 21 day of July, 2010.

_____
William C. Turnoff
UNITED STATES MAGISTRATE JUDGE